**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CALLIE GARIEPY, et al.,

       Plaintiffs,

v.                                             CV No. 18-695 SMV/CG

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.

**ORDER LIFTING STAY AND RESETTING
RULE 16 SCHEDULING CONFERENCE**

**THIS MATTER** is before the Court *sua sponte.* On September 5, 2018, the Court

granted the parties' *Joint Motion to Stay Proceedings*, (Doc. 6), in which the parties

asked for a 90-day stay while they engage in settlement negotiations. As the 90-days

have now passed, **IT IS HEREBY ORDERED** that the stay of this case be lifted.

**IT IS FURTHER ORDERED** that the parties meet and confer no later than

**December 27, 2018,** to discuss: (1) the nature and bases of their claims and defenses;

(2) the possibility of a prompt resolution or settlement; (3) making or arranging for

complete initial disclosures as required by Rule 26(a)(1); (4) preserving discoverable

information; and (5) the formulation of a provisional discovery plan. Fed. R. Civ. P.

26(a)(1), (f). In formulating a provisional discovery plan, counsel and *pro se* parties

should meaningfully discuss: (i) the subjects on which discovery may be needed, when

discovery should be completed, and whether discovery should be conducted in phases

or limited to particular issues; (ii) any issues about the disclosure, discovery, or

preservation of electronically stored information, including the form(s) in which it should

be produced; (iii) any issues about claims of privilege or confidentiality of materials,

including exploring whether the parties can agree on a procedure to assert these claims and whether they will ask the Court to include any agreement in an order; (iv) whether any changes should be sought to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules; and (v) the facts and the law governing the case to which the parties are willing to stipulate.

Pursuant to Rule 26(d)(2), the parties may deliver discovery requests under Rule 34 prior to the "meet and confer" date, however those requests are not considered to have been served until the first "meet and confer" session.

Initial disclosures under Rule 26(a)(1) must be made within fourteen (14) days of the meet and confer session, unless a different time is set by stipulation or court order. The parties are advised to strictly follow the letter and spirit of Rule 26(a)(1) in preparing their initial disclosures. Fed. R. Civ. P. 26(a)(1). Initial disclosures are intended to accelerate the exchange of core information about the case and eliminate the need for formal discovery at the early stages of litigation. *See* 1993 Advisory Committee Notes to Fed. R. Civ. P. 26(a)(1). The parties must seek to meet these objectives in making their initial disclosures and should be prepared to explain how they have fully complied with their obligations under Rule 26(a)(1) at the Rule 16 Scheduling Conference.

The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan* ("JSR") which follows the sample JSR form available on the United States District Court for the District of New Mexico's website. All attorneys must show their complete mailing address and telephone number(s) under the "Appearances" section of the JSR. *Do not* indicate witnesses' addresses as "in care of" an attorney's office.  The city or town of residence of each witness must be included so that the trial

judge can consider that information in determining the trial location. The parties are to fill in the blanks for proposed dates, bearing in mind that the time allowed for discovery is generally 120 to 180 days from the date of the Rule 16 Initial Scheduling Conference. The Court will determine actual case management deadlines after considering the parties' requests. Plaintiff, or Defendant in removed cases, is responsible for electronically filing the JSR by **January 3, 2019.**

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's written approval obtained for any modification of the case management deadlines that the Court establishes at the scheduling conference.

A Rule 16 Scheduling Conference will be conducted by telephone on **Thursday, January 10, 2019, at 2:30 p.m.** Parties shall call Judge Garza's AT&T Teleconference line at (877) 810-9415, follow the prompts, and enter the Access Code 7467959, to be connected to the proceedings. Upon agreement, the parties may request that the Rule 16 Scheduling Conference be held in person.

At the conference, counsel and any *pro se* parties must be prepared to discuss all claims and defenses, initial disclosures, discovery requests and scheduling, issues relating to the disclosure, discovery, or preservation of electronically-stored information, the timing of expert disclosures and reports under Rule 26(a)(2), and the use of scientific evidence and whether it is anticipated that a *Daubert*[1] hearing will be needed. We will also discuss settlement prospects and alternative dispute resolution possibilities. Lead counsel and parties appearing *pro se* must participate unless excused by the Court. Parties represented by counsel need not attend.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE